IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TRACY D. HAYMON, et al.,                                                        PLAINTIFFS

V.                                                        CIVIL ACTION NO.: 3:12cv325-DPJ-FKB

CITY OF JACKSON, MISSISSIPPI, and
the POLICE DEPARTMENT OF JACKSON,
MISSISSIPPI                                                              DEFENDANTS

ORDER

        This wage-and-hour dispute, brought under the Fair Labor Standards Act (FLSA), is

before the Court on Defendants' Motion to Dismiss the Second Amended Complaint [15].

Plaintiffs filed a response [17] opposing Defendants' motion.  Upon considering the parties'

submissions and applicable authority, the Court finds that Defendants' motion should be denied.

I.        Facts and Procedural History

        Plaintiffs in this action are 41 officers currently employed with Defendants the City of

Jackson, Mississippi, and the Police Department of Jackson, Mississippi.  According to the

Second Amended Complaint, Defendants maintained a written policy authorizing officers to

work overtime hours and requiring compensation for that time.  But despite these policies,

Plaintiffs allege that in practice Defendants routinely failed to compensate them for overtime

hours worked at the required time-and-a-half pay rate, or simply did not compensate them at all.

        After two of the named Plaintiffs filed administrative complaints in December 2011, the

Department of Labor (DOL) initiated an investigation into Defendants' FLSA compliance.

Although the final report is apparently unpublished at this time, DOL supposedly found

"widespread and systemic violations of the FLSA," including inadequate record-keeping and

unpaid "back wages to at least 255 JPD Officers."  Second Am. Compl. [13] ¶¶ 63–64.

In response to these findings and under the supervision of DOL, Defendants made settlement offers to those 255 officers around April 2012 using WH-58 DOL release forms, which proposed a voluntary acceptance of compensatory time in exchange for a waiver of an officer's right to sue under the FLSA.  All but two of the named Plaintiffs, Officers George Williams and Lateef Skinner, declined the settlement offer despite what Plaintiffs describe as fraudulent statements by Defendants' agent and Public Safety Administrator, Trivia Jones, intended to induce acceptance of the settlement and release.

Plaintiffs filed the Second Amended Complaint [13] in July 2012, alleging they are owed unpaid overtime wages and entitled to statutory liquidated damages and attorneys' fees under the FLSA.  Additionally, Plaintiffs Williams and Skinner allege they were fraudulently induced to sign the WH-58 releases and that their waiver of the private FLSA right of action is void. Shortly after Plaintiffs filed this amended pleading, Defendants moved to dismiss [15] under Federal Rules of Civil Procedure 9(b), 12(b)(6), and 12(b)(7).  The Court is prepared to rule.

II.    Analysis

Defendants assert three general grounds for dismissing Plaintiffs' Second Amended Complaint: (1) failure to state a claim under Rule 12(b)(6); (2) failure to plead fraud with specificity under Rule 9(b); and (3) failure to join a necessary party under Rule 12(b)(7) as required by Rule 19.  The Court will address each contention in turn.

A.     Failure to State a Claim

Defendants first argue that Plaintiffs have failed to state a claim for unpaid overtime compensation.  In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr.*

*Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.1999)).  To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).[1]

Under the FLSA, an employer is obligated to pay its employees overtime compensation for those hours worked in excess of 40 hours per week.[2]  29 U.S.C. § 207.  The FLSA also

---

[1]In considering this motion to dismiss, the Court will not consider the affidavit of Rebecca Coleman, which was attached to Defendants' earlier Motion to Dismiss [6] and cited by reference in Defendants' Motion to Dismiss the Second Amended Complaint [15].  *See Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) ("In determining whether to grant a motion to dismiss, the district court must not go outside the pleadings and must accept all well-pleaded facts as true." (citations omitted)).

[2]Defendants are supposedly subject to an exception, which expands the overtime threshold to 86 hours per two weeks.  Second Am. Compl. [13] ¶ 69.  This exception, however, is not relevant to the Court's resolution of Defendants' motion.

specifically vests employees with the right to bring a private cause of action, individually or as a class, for unpaid overtime wages and liquidated statutory damages and attorneys' fees. 29 U.S.C. § 216(b). The parties have not pointed to—nor has the Court found—any binding precedent outlining the necessary factual allegations for an overtime-compensation claim to survive at the motion-to-dismiss stage. But other courts have cogently recognized that "'a plaintiff must plead (1) that he worked overtime hours without compensation; and (2) that the employer knew or should have known that he worked overtime but failed to compensate him for it.'" *Butler v. DirectSat USA, LLC*, 800 F. Supp. 2d 662, 667 (D. Md. 2011) (quoting *Hawkins v. Proctor Auto Serv. Ctr., LLC*, No. RWT 09CV1908, 2010 WL 1346416, at *1 (D. Md. Mar. 30, 2010)) (noting that post-*Iqbal* and -*Twombly*, "courts across the country have expressed differing views as to the level of factual detail necessary to plead a claim for overtime compensation under FLSA").

In this case, Defendants never clearly explain why the Second Amended Complaint fails to state a claim. And accepting as true all the facts pleaded in the complaint, the Court finds that Plaintiffs have pleaded "enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *In re S. Scrap*, 541 F.3d at 587 (citation and quotations omitted). In general terms, Plaintiffs allege that they worked for Defendants, they are owed overtime for the preceding three-year-statute-of-limitations period, Defendants had a practice of not fully paying overtime, Defendants have routinely failed to pay overtime compensation, Plaintiffs never agreed prior to working overtime hours to be compensated with time off instead of a monetary payment, DOL initiated an investigation of Defendants and found systemic FLSA violations, and Defendants made offers of settlement under the guidance of DOL to 255 employees. *See* Second Am. Compl. [13]. Although more specific factual allegations

would no doubt be helpful, these allegations meet the liberal notice-pleading standard and state a plausible claim that if proven true would entitle them to relief. *See Hoffman v. Cemex, Inc.*, Civil Action No. H-09-3144, 2009 WL 4825224, at *3–4 (S.D. Tex. Dec. 8, 2009) ("The plaintiffs allege that they were classified as nonexempt, that they regularly worked more than 40 hours per workweek, and that they were not paid time-and-a half for those overtime hours. Those are all factual allegation[s]—not legal conclusions—and, if proven, they give rise to a plausible claim for relief." (citation omitted)). Plaintiff's Second Amended Complaint is sufficient to survive Defendants' Rule 12(b)(6) motion to dismiss.

B. Fraud

Next, Defendants assert that the claims of Plaintiffs Williams and Skinner fail to satisfy the heightened pleading requirements for fraud under Federal Rule of Civil Procedure 9(b). These two Plaintiffs allege that Jones, Defendants' agent, fraudulently induced them to sign the WH-58 release form and accept compensatory time in exchange for a waiver of their right to sue under § 216(c).[3]

A plaintiff alleging fraud must meet the heightened pleading standard of Rule 9(b), which requires a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The Fifth Circuit "'interprets Rule 9(b) strictly, requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (quoting *Herrmann Holdings Ltd. v. Lucent*

---

[3]Defendants do not challenge Plaintiffs Williams and Skinner's waiver theory in principle.

*Techs. Inc.,* 302 F.3d 552, 564–65 (5th Cir. 2002)).  "At a minimum, Rule 9(b) requires

allegations of the particulars of 'time, place, and contents of the false representations, as well as

the identity of the person making the representation and what he obtained thereby.'"  *Tel-Phonic*

*Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (quoting 5 Charles Alan

Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1297, at 590 (1990)).  Said

differently, "Rule 9(b) requires the complaint to set forth 'the who, what, when, where, and how'

of the events at issue."  *Dorsey*, 540 F.3d at 339 (quoting *ABC Arbitrage Plaintiffs Grp. v.*

*Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)).  And "[w]hile Rule 9(b) provides that intent and

knowledge 'may be alleged generally,' this is not license to base claims of fraud upon conclusory

allegations."  *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 154 (5th Cir. 2010) (citing

*Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)).  Instead, "[t]he

plaintiffs must set forth *specific facts* supporting an inference of fraud."  *Dorsey*, 540 F.3d at 339

(citation and quotations omitted).

Plaintiffs have alleged that Jones, Defendants' agent, presented them with the WH-58

release form and induced them to sign it by stating "that this JPD offer was a 'done deal,' that all

they would ever get from the City and JPD was comp time, and that they should just go ahead

and sign their Releases, even though it did not matter if they did or not."  Second Am. Compl.

[13] ¶ 74.  Williams's conversation with Jones occurred on April 12, 2012, and Skinner's

conversation occurred shortly thereafter on April 16, 2012.

Yet Defendants contend that these averments are insufficient for failure to specifically

identify "'what [that person] obtained thereby.'"  Defs.' Reply [19] at 11 (quoting *Williams v.*

*WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)).  "What constitutes 'particularity' will

necessarily differ with the facts of each case." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (ellipsis omitted) (citation and quotations omitted).  And taking Plaintiffs' assertions as true, it is plain from the face of the pleading what Defendants stood to obtain from inducing a settlement and release given DOL's apparent findings of flagrant FLSA violations.  *See U.S. ex rel. Smart v. Christus Health*, 626 F. Supp. 2d 647, 656 (S.D. Tex. 2009) ("[T]he 'how,' the 'why,' or the 'what the person obtained thereby' element. . . . all . . . reflect the same basic rule: 'in cases in which the mechanism or basis of the fraud is not otherwise apparent from the face of the complaint, the plaintiff must explain how the fraud worked.'" (quoting *U.S. ex rel. Wilkins v. N. Am. Constr. Corp.*, 173 F. Supp. 2d 601, 614–16 (S.D. Tex. 2001)).  The Court therefore finds that Plaintiffs Williams and Skinner have pleaded fraud with sufficient particularity.

    C.      Necessary Party

       Finally, Defendants argue that DOL is an indispensable party and accordingly seek dismissal under Rule 12(b)(7) for failure to join a party required by Rule 19.[4]  According to Rule 19, a party who will not destroy subject-matter jurisdiction is necessary if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).  This rule "provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue. . . . [and] for the

---

    [4]Defendants also work this contention into all of their other grounds for dismissal, including the suggested failure to state a claim.

dismissal of litigation that should not proceed in the absence of parties that cannot be joined." *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003) (citations omitted).  The proponent of joinder bears the burden of showing under an "initial appraisal" that a necessary party is missing, after which time the burden to dispute the "initial appraisal" shifts to the opposing party.  *Hood ex rel. Miss.*, 570 F.3d 625, 628 (5th Cir. 2009) (quoting *Pulitzer–Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 2006)).  And if a party who is required to be joined if feasible cannot be joined, then the court must assess the factors in Rule 19(b) to determine whether to dismiss the action if that party is "indispensable."  *Id.* at 629 (citation omitted).

Defendants cite no authority for dismissing an FLSA claim for failure to join DOL.  And review of the statutory framework confirms Defendants' failure to meet the initial burden of showing DOL is a necessary party.  Under the FLSA, "[a]n action to recover the liability prescribed in . . . [§ 207] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b). This private cause of action, however, "shall terminate upon the filing of a complaint by the Secretary of Labor" for either injunctive relief or damages.  § 216(b), (c).  Additionally, DOL "is authorized to supervise the payment of the . . . unpaid overtime compensation," and "the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have" to file a private damages action.  § 216(c).

These statutory provisions clearly contemplate the employee's right to file damages suits independent of DOL, and account for the possibility of a collateral DOL suit terminating an

employee's private right of action when the government's suit is filed.[5]  *See E.E.O.C. v. Wackenhut Corp.*, 939 F.2d 241, 242 (5th Cir. 1991) ("Those sections authorize both private and government suits and specifically address the issue of overlapping or duplicative suits. . . .  We find it significant that while the statute expressly gives preclusive effect to suits filed first by the government, it fails to give similar effect to suits filed first by individual plaintiffs."); *see also San Antonio Metro. Trans. Auth. v. McLaughlin*, 876 F.2d 441, 445 (5th Cir. 1989).

And contrary to Defendants' conclusory arguments that they are at risk of double or inconsistent obligations, this simply is not what the FLSA permits.  *See Donovan v. Univ. of Tex. at El Paso*, 643 F.2d 1201, 1207 (5th Cir. 1981) (discussing how the "FLSA provisions . . . substantially reduce the possibility of inconsistent adjudications").  First, DOL has the exclusive right to seek injunctive relief, and consistent with this limitation Plaintiffs do not seek such relief in this case.  *See* § 216.  Second, if DOL were to subsequently pursue a damages suit against Defendants, the agency's recovery is limited to actual employees' unpaid overtime wages and liquidated damages.  Thus, if Plaintiffs recover in this action, a later DOL action would not by definition include Plaintiffs' satisfied claims.  *Id.*  Because Defendants fail to meet their initial burden of showing DOL is a necessary party, the Court finds that Defendants' motion should be denied.[6]

---

[5]The Court also notes that a finding that DOL was an indispensable party would undermine this statutorily-created private cause of action.  *Cf. Abbott v. BP Exploration & Prod. Inc.*, 781 F. Supp. 2d 453, 468 (S.D. Tex. 2011) (holding Department of Interior to be a necessary party "would undermine the very purpose of citizen suits" brought under the Outer Continental Shelf Lands Act (citation omitted)).

[6]The Court likewise rejects Defendants' argument that dismissal is necessary due to the good-faith defense under 29 U.S.C. § 259.  Defendants failed to adequately reply to Plaintiffs' arguments on this point, and it is not apparent that this defense entitles Defendants to dismissal at

III.    Conclusion

The Court has considered all of the parties' arguments.  Those not addressed would not have changed the outcome.  For the foregoing reasons, Defendants' Motion to Dismiss [15] is denied.

**SO ORDERED AND ADJUDGED** this the 19th day of December, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

the 12(b)(6) stage.